1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALVIN RANKIN, JR.

     *Petitioner*,

vs.

JACK PALMER, *et al.*,

     *Respondents.*

3:09-cv-00145-LRH-VPC

ORDER

     This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#34) to dismiss.  Respondents contend that Grounds 3, 4 and 5(B) of the counseled second amended petition (#27) are untimely because they do not relate back to a claim in a prior timely-filed pleading.  A threshold issue in dispute under the briefing is whether petitioner's *pro se* first amended petition (#16), which was more expansive than the original petition (#14), was filed within the one-year federal limitation period.

### *Background*

     Petitioner Alvin Rankin seeks to set aside his Nevada state conviction, pursuant to a jury verdict, of one count of conspiracy to commit robbery, one count of robbery with the use of a deadly weapon, and two counts of attempted robbery with the use of a deadly weapon as well as his adjudication and sentencing as a habitual offender.

     The July 8, 2005, judgment of conviction was affirmed by the Supreme Court of Nevada on November 13, 2006.[1]

---

    [1]#29, Ex. 37; #30, Ex. 62.

The time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired on Monday, February 12, 2007.[2]

On or about June 4, 2007, petitioner mailed a state post-conviction petition to the state district court clerk for filing.  The clerk stamped the petition as "received" on June 6, 2007, and stamped the petition as "filed" on June 7, 2007.[3]  The state district court denied relief, and the Supreme Court of Nevada affirmed.  The remittitur issued on March 31, 2009.[4]

Meanwhile, on or about March 16, 2009, petitioner mailed his original federal petition to the Clerk of this Court for filing.[5]  The Clerk received the papers on March 19, 2009, and opened the matter with that date of filing.

/ / / /

_____

[2]In the briefing, the parties make the calculation of the running of the *certiorari* period more complicated than it perhaps has to be.  It is true that the date of the state supreme court order of affirmance, November 13, 2006, is excluded from the calculation.  That means, however, that November 14, 2006, constitutes day one in the count, such that February 11, 2007, was the ninetieth day in the count.  February 11, 2007, however, was a Sunday.  The *certiorari* period therefore expired on Monday, February 12, 2007.  Contrary to petitioner's legal argument, petitioner does not get an in effect "free day" on November 14, 2006, with the *certiorari* period running only after *this* date.  Rather, November *13*, 2006, is excluded and November *14*, 2006, is counted.  The only reason why the *certiorari* period did not expire on the ninetieth day in the count, February 11, 2007, is because that day was a Sunday.  Counsel may find it helpful to consult the calendar for past years throughout when calculating the running of the federal limitation period.  When the running of the federal limitation period is keyed to the expiration of appeal and *certiorari* times, it is the *expiration of the deadline under the applicable rules*, not merely the counting of a set number of days in a vacuum, that is critical.

[3]#30, Ex. 66.  The Court has not been presented with any evidence on the motion – as to any of the putative delivery or mailing dates referred to herein – that petitioner in fact handed the paper in question to the appropriate correctional authorities for mailing on a date later than that reflected in the relevant certificate of service.  The Court accordingly has referred, throughout, to the delivery or mailing date as reflected by the evidence of record in this proceeding, *i.e.*, the certificate of service or other available evidence in the current record as to the date of delivery or mailing.

[4]#30, Ex. 83.

[5]Petitioner refers to the March 11, 2009, purported date of mailing stated in response to a query on the first page of the petition.  However, the certificates of service both for the petition itself and an accompanying notice of change of address both are dated March 16, 2009.  The Court notes that it is not at all uncommon in federal habeas records for the response to the first query on the petition form to be – as a practical matter – belied by other initiating suit documents submitted with the petition – such as, *e.g..*, the pauper application and financial certificate executed by an authorized correctional officer.  It would appear that inmates often prepare and date the petition only to experience other delays in actually assembling and mailing the full package of initiating papers to the Clerk.  The difference between March 11, 2009, and March 16, 2009, does not have an impact the issues on the present motion.  The Court notes the difference solely for the sake of accuracy.

1       On or about April 13, 2009, petitioner delivered a motion to correct illegal sentence to the prison

2 law library for mailing to the state district court clerk for filing.  The state court clerk filed the motion

3 on May 6, 2009.[6]

4       The state district court denied the motion to correct illegal sentence by an order filed on June

5 3, 2009.  Petitioner did not appeal the denial of the motion.  To the extent relevant, the time to appeal

6 the denial of the motion expired on Monday, July 6, 2009, taking into account the Independence Day

7 holiday.[7]

8       In the federal proceedings, on or about January 6, 2010, petitioner mailed his *pro se* first

9 amended petition to the Clerk for filing.  The Clerk filed the amended pleading on January 12, 2010.

10      Thereafter, the Court appointed counsel for petitioner, and federal habeas counsel filed a second

11 amended petition on February 15, 2011.

12 ***Discussion***

13      As a threshold issue on the motion, the Court first must determine whether the *pro se* first

14 amended petition was filed within the federal limitation period.  There is no dispute that the original

15 petition, and this action, was timely filed.  Respondents contend, however, that the *pro se* first amended

16 petition, which expanded on the claims and allegations in the original petition, was filed after the federal

17 limitation period expired.  If the *pro se* first amended petition was not timely filed, then only claims in

18 the counseled second amended petition that relate back to the original petition will be timely.

19      Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented

20 here, a federal habeas petition must be filed within one year after "the date on which the judgment [of

21 conviction] became final by the conclusion of direct review or the expiration of the time for seeking

22 such review."  28 U.S.C. § 2244(d)(1)(A).  Under Section 2244(d)(2), "[t]he time during which a

23

24      [6]#30, Ex. 86.  The last two pages of the exhibit constitute a copy of the transmittal envelope.  Petitioner's

25 certificate of service is dated April 13, 2009.  The back of the envelope has two hand stamps, one reflecting that the library received the motion on April 13, 2009, and the second reflecting that the motion was mailed on April 14, 2009.

26 The postmark on the face of the envelope further reflects an April 14, 2009, date of mailing.  To the extent that the prison mailbox rule is applicable in this context, the date that petitioner delivered the motion to the appropriate prison

27 authority for mailing rather than the date of actual mailing by the prison would be controlling.

28      [7]#30, Ex. 87.

-3-

1  properly filed application for State post-conviction or other collateral review with respect to the
2  pertinent judgment or claim is pending shall not be counted toward any period of limitation under this
3  subsection." 28 U.S.C. § 2244(d)(2).

4      In the present case, the federal limitation period began running after the conclusion of direct
5  review following the expiration of the time for seeking *certiorari* review on February 12, 2007.

6      Under § 2244(d)(2), the pendency of petitioner's timely-filed state post-conviction petition
7  stopped the running of the federal limitation period.  The Court is persuaded that controlling Ninth
8  Circuit law requires that the state petition be treated as pending *for purposes of applying the federal law*
9  *rules for calculation the running of the federal limitation period* according to the prison mailbox rule.
10  Under this rule, the paper is treated as constructively filed on the date that the inmate delivers the paper
11  to the appropriate correctional authorities for mailing to the court clerk for filing.  *See, e.g., Campbell*
12  *v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); *Ramirez v. Yates*, 571 F.3d 993, 996 n.1 (9th Cir.
13  2009)(applying the prison mailbox rule specifically to determine the dates of pendency of a Nevada
14  state petition for purposes of determine the amount of time tolled for purposes of federal law under §
15  2244(d)(2));  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Huizar v. Carey*, 273 F.3d 1220,
16  1223 (9th Cir. 2001); *Saffold v. Newland*, 250 F.3d 1262, 1268-69 (9th Cir. 2000), *vacated on other*
17  *grounds sub nom, Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *Anthony*
18  *v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).

19      Respondents cite to *Koerner v. Grigas*, 328 F.3d 1039 (9th Cir. 2003), but *Koerner* is not to the
20  contrary.  In *Koerner*, the Ninth Circuit acknowledged -- in a case where, as respondents note, the
21  federal limitation period was not at issue -- that Nevada does not recognize the prison mailbox rule for
22  state post-conviction petitions in determining the timeliness of a state petition under state law.  *See* 328
23  F.3d at 1043 n.1.  The issue here, however, is timeliness of the federal petition under federal law.  Under
24  the foregoing Ninth Circuit authorities, the prison mailbox rule is applied on the federal law question
25  of how long a state petition is "pending" for purposes of statutory tolling of the federal limitation period
26  under § 2244(d)(2).

27      Thus, under the controlling federal law in § 2244(d)(2), the state petition tolled the federal
28  limitation period beginning on the date of mailing, June 4, 2007.

-4-

1    A total of 111 days elapsed between the expiration of the time for seeking *certiorari* review on

2  February 12, 2007, and the June 4, 2007, mailing of the state petition for filing.[8]

3    The federal limitation period began running again following the issuance of the remittitur

4  concluding the state post-conviction proceeding on March 31, 2009.[9]

5    Subsequently, the pendency of petitioner's motion to correct illegal sentence – as "other

6  collateral review" for purposes of § 2244(d)(2) – statutorily tolled the federal limitation period.[10]

7    Consistent with the foregoing discussion, the motion was "pending" for the purposes of statutory

8  tolling under § 2244(d)(2) from the April 13, 2009, delivery of the motion for mailing through – at the

9  very least – the June 3, 2009, filing of the state district court order denying the motion.[11]

10

11    [8]While petitioner calculates the elapsed untolled time at 112 days, this cannot be correct. Both the last day of

12  the *certiorari* period, February 12, 2007, *and* the date that the tolling event commenced tolling, June 4, 2007, are
excluded from the count. Only 111 untolled days elapsed *between* these two dates.

13    [9]Respondents maintain that statutory tolling under § 2244(d)(2) instead ended on the date of the March 3, 2009,

14  order of affirmance. This is incorrect. The state post-conviction proceeding clearly was "pending" for purposes of §
2244(d)(2) through the issuance of the remittitur. *See,e.g., Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005);

15  *Tillema v. Long*, 253 F.3d 494, 497 & 502 (9th Cir. 2001)(abrogated in part on other issues by later case authority); *see
also Sullivan v. Wevins*, 2008 WL 2566743 (9th Cir., June 26, 2008)(keying on remittitur date with regard to tolling

16  issues).

17    [10]*See,e.g, Tillema v. Long*, 253 F.3d 494, 498-02 (9th Cir. 2001)(abrogated in part on other issues by later case
authority)(pendency of Nevada motion to correct illegal sentence statutorily tolls federal limitation period).

18
      [11]Petitioner does not argue that proceedings on the motion were "pending" for purposes of statutory tolling

19  under § 2244(d)(2) through the expiration of the time for appealing the order.

20    The Supreme Court held in *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), that the
indeterminate time allowed between post-conviction petitions seeking review in higher state courts under California state

21  practice counts as "pending" time under § 2244(d)(2) only so long as the petitioner filed such petitions in the higher
courts on a timely basis under the State's indefinite "reasonableness" standard for timeliness.

22

23    However, the Supreme Court has not held as yet, on apposite facts, that a petitioner must actually timely appeal
a state court order subject to a determinate time period for appeal for the time through the expiration of the appeal time

24  to count as "pending" time under § 2244(d)(2). Any subsequent statements by the Supreme Court with respect to the
rule applicable to "appeal" states made in cases instead applying § 2244(d)(2) in the context of the California system

25  arguably may be *dicta*. This Court notes that the *Carey* Court cited with apparent approval to a number of federal
appellate decisions as representing the proper application of § 2244(d)(2) vis-à-vis "appeal" states. *See* 536 U.S. at

26  220-21, 122 S.Ct. at 2138-39. The cited decisions include at least one decision holding that a state proceeding is
"pending" until the expiration of a determinate time for seeking higher state court review from an adverse order. *See*

27  *Swartz v. Meyers*, 204 F.3d 417, 420-23 (3d Cir. 2000). Given the citation with apparent approval to such a decision, it
is not necessarily a foregone conclusion that the Supreme Court would hold – in a case actually presenting the issue vis-

28  (continued...)

-5-

1    A total of 12 untolled days elapsed between the March 31, 2009, issuance of the remittitur in

2    the state post-conviction proceeding and the April 13, 2009, delivery for mailing of the motion to

3    correct illegal sentence.  When these 12 untolled days are added to the prior 111 untolled days, a total

4    of 123 untolled days had elapsed as of June 3, 3009.  Absent any further tolling, the federal limitation

5    period therefore would expire after another 242 untolled days elapsed.  The last day of these 242 days,

6    however, falls on a Sunday, on January 31, 2010.  The federal limitation period therefore would not

7    expire, absent further tolling, until Monday, February 1, 2010.

8    The *pro se* first amended petition was mailed for filing on or about January 6, 2010, prior to the

9    expiration of the federal limitation period.  The amended pleading indeed was filed by the Clerk prior

10   to the February 1, 2010, expiration of the limitation period.[12]

11

12

[11](...continued)

13   à-vis an "appeal" state – that the determinate time for appealing an order such as in the present case is not included in
     the period that the state proceeding is "pending."

14

15   The outcome on the present motion does not turn upon this distinction, however.  Given that, and further given
     the arguments presented, this Court leaves any such issue for another day.

16

17   [12]The Court notes that the first amended petition would have been timely mailed for filing even if the Court
     were to not apply the prison mailbox to the state court filings for purposes of applying § 2244(d)(2).  If the rule instead

18   were, as respondents suggest, that the state paper is not filed for purposes of applying federal law here until received by
     the state court clerk, *Koerner*, 328 F.3d at 1043 n.1, it then would be significant in this case that Rankin's state petition

19   was received by the state court clerk on June *6*, 2007, not June *7*, 2007.  A total of 113 untolled days then would have
     elapsed between the expiration of the time for seeking *certiorari* review on February 12, 2007, and the clerk's receipt of

20   the state petition on June 6, 2007, excluding both such days.  Thereafter, a total of 35 untolled days would have elapsed
     between the March 31, 2009, issuance of the remittitur and the May 6, 2009, filing of the motion to correct illegal

21   sentence.  Subtracting these 148 untolled days from 365, petitioner thereafter would have had 217 days left in the federal
     limitation period after the June 3, 2009, denial of the motion to correct illegal sentence, absent further tolling.  The last

22   day of these remaining 217 days would have fallen on January 6, 2010, the very day that petitioner mailed the first
     amended petition to the federal clerk for filing.  Thus, even if the Court, *arguendo ,*were to disregard the application of

23   the prison mailbox rule for the purpose of applying federal law here (in further disregard of controlling Ninth Circuit
     precedent), the outcome would be the same.  Petitioner still would have constructively filed the first amended petition

24   within the federal limitation period, albeit on the very last day.

25   At bottom, the principal flaw in respondents' limitation analysis thus is that respondents disregard controlling
     case law establishing that the state post-conviction proceedings remained pending for purposes of statutory tolling under

26   § 2244(d)(2) through the issuance of the March 31, 2009, remittitur.  This flaw caused respondents to disregard the
     remaining 28 days in March 2009 after the March 3, 2009, order of affirmance.  When this relatively large block of time

27   properly is treated as statutorily tolled, the first amended petition is timely even if, as discussed above, the Court were to
     disregard the prison mailbox rule in determining the dates during which the state proceedings were pending for purposes

28   of applying federal law.

1    The claims in the counseled second amended petition therefore need relate back only to claims
2    in the *pro se* first amended petition, not all the way back to claims in the original petition.

3        This holding wholly undercuts the moving premise of respondents' motion to dismiss, which
4    is based upon the premise that claims in the counseled second amended petition must relate back to the
5    original petition to be timely.   Respondents do not present principled argument consistently and
6    specifically directed to any question as to whether the claims in the second amended petition relate back
7    to the first amended petition. Indeed, respondents specifically concede, in passing, that second amended
8    Ground 4 relates back to claims in the first amended petition. #34, at 14, line 14.

9        The Court accordingly will deny the motion to dismiss, but without prejudice to the possible
10   assertion of a second motion to dismiss challenging the timeliness of claims in the second amended
11   petition for failure to relate back to claims in the timely first amended petition.  The Court is reluctant
12   to proceed in this fashion given the age of the case, but this route would appear to be the only fair one
13   that allows both sides an adequate opportunity to argue the issue, if raised in the first instance.

14       If respondents do not pursue such an issue further in a second motion to dismiss, then, as per
15   the prior scheduling order (#33), the next step will be for respondents to file an answer on the merits.

16       IT THEREFORE IS ORDERED that respondents' motion (#34) to dismiss is DENIED without
17   prejudice to a potential second motion to dismiss based upon the alleged failure of claims in the second
18   amended petition (#27) to relate back to claims in the timely filed first amended petition (#16).

19       IT FURTHER IS ORDERED that respondents shall have thirty (30) days from entry of this
20   order within which to respond to the second amended petition (#27), by either a second motion to
21   dismiss as described in the preceding paragraph or an answer on the merits as to all claims.

22       IT FURTHER IS ORDERED that, if respondents file a second motion to dismiss, the opposition
23   and reply times shall be as per the standard time periods set forth in Local Rule LR 7-2.

24       IT FURTHER IS ORDERED that if respondents instead file an answer, petitioner shall have
25   thirty (30) days from service within which to file a reply.

26       **Counsel should note that the Court still is endeavoring to resolve all aspects of this case**
27   **no later than Friday, March  30, 2012, if at all possible.  If respondents file a second motion to**
28   **dismiss, this of course ultimately may not be possible.  At present, counsel should seek extension**

1   of the deadlines established herein only in the most extraordinary of circumstances, and counsel

2   should seek extensions in the later-filed case if there are scheduling conflicts with the demands

3   of other cases in this Court.  If a second motion to dismiss is filed and there is not sufficient time

4   left following the disposition of same to fully resolve the case prior to March 30, 2012, the Court

5   will take that into account in setting the then remaining answer and reply deadlines.

6          DATED this 22nd day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE